UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAYLOR ACQUISITIONS, LLC,

       Plaintiff,

v.                                                                     Case No. 06-10650
                                                               Hon. Sean F. Cox

CITY OF TAYLOR and
CAMERON G. PRIEBE,

       Defendants.
_____

## OPINION AND ORDER

       This matter is before the Court on Defendants' Motion to dismiss. The parties have fully briefed the issues, including supplemental briefing, and a hearing was held October 5, 2006. For the following reasons, the Court **GRANTS** Defendants' Motion to dismiss with respect to Plaintiff's procedural and substantive due process claims, and **DENIES** Defendants' Motion to dismiss with respect to Plaintiff's Equal Protection claim.

### I.    INTRODUCTION

       This action arises out of the failure of the Taylor City Council to vote to approve the final site plans for Plaintiff's proposed residential development.

       Plaintiff seeks to develop residential housing in the City of Taylor. The proposed location is approximately 31 acres at Racho Road and Superior Parkway. The land is composed of thirteen parcels, six of which are owned by the City of Taylor.

       On December 16, 2003, Plaintiff began discussing with City of Taylor officials

development of residential housing at the Racho Road site.  Plaintiff met with City officials several times.  According to Plaintiff, City officials assured Plaintiff that it would enter into an agreement to sell the six City owned parcels; enter into an agreement for Brownfield development[1]; re-zone the property; and approve the project.  Based on these assurances, Plaintiff invested significant amounts of money and time to develop the necessary plans.  Plaintiff also entered purchase agreements, which required non-refundable deposits, with owners of the other parcels.

On July 19, 2004, the Taylor City Council voted to amend the Brownfield Plan to include Plaintiff's residential development.  Plaintiff continued to prepare and revise plans for final approval by the City.  On September 20, 2005, the City Council voted to approve a Brownfield Development Agreement and a purchase agreement for the six parcels of land owned by the City.  In accordance with the agreements, Plaintiff submitted a $50,000 deposit to the City's escrow agent.

At the November 1, 2005 City Council hearing, the City Council took three actions: (1) it held a public hearing on Plaintiff's Brownfield Plan Amendment, but did not vote on whether to approve the resolution; (2) it voted to approve the first reading of an ordinance to amend the City's Master Plan; and (3) it voted to approve the first reading of a zoning ordinance rezoning the thirteen parcels needed for Plaintiff's project from "Regional Business" to "Townhouse Residential/Planned Unit Development."  The second vote was planned for November 15, 2005.

On November 8, 2005, Defendant Cameron Priebe ("Priebe") defeated incumbent City of

---

[1] Property approved as part of the Brownfield Plan received several incentives regarding taxes and financing.

Taylor Mayor, Gregory Pitoniak. Three incumbent City Council members were also defeated.

While running for office, Priebe allegedly attended meetings and disrupted proceedings related to Plaintiff's development. Plaintiff claims Priebe demonstrated an "unjustified animosity toward the project."

Rather than vote on final approval of Plaintiff's development on November 15, 2005, the City Council chose to table the issue until the following meeting on December 5, 2006. However, on December 1, 2005, Plaintiff received a letter from counsel for the City stating that it was terminating the purchase agreement for the six City owned parcels of land. Plaintiff's deposit, with interest, was refunded.

At the December 5, 2005, City Council meeting, Plaintiff's project was not on the agenda. Mayor Priebe allegedly advised citizens at the end of the meeting that the project was "dead." No vote for final approval of Plaintiff's project was held.

On February 14, 2006, Plaintiff filed a Complaint against the City of Taylor and Mayor Priebe alleging: (1) violation of its procedural and substantive due process rights; and (2) denial of equal protection. Plaintiff requests the Court enjoin Defendants from further violations of Plaintiff's rights and award damages. Defendants filed a Motion to dismiss on April 7, 2006.

A hearing was held October 5, 2006. Additional briefing was ordered limited to the issue of the City Council's discretion to approve Plaintiff's final site plan. The parties were required to submit the applicable City Charter.

## II.   STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and

accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).

### III.   ANALYSIS

**A.   Does Plaintiff Have A Constitutionally Protected Property Interest?**

Plaintiff claims it has a protected property interest in "its business and the Subject Property." [Complaint, ¶101]. Plaintiff claims it was deprived of this interest when the City Council refused to consider Plaintiff's request for final site plan approval, and declared the project "dead." [Response, pp. 12-13].

**1.   Did the purchase agreement create a property interest?**

"The procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit.'" *Town of Castle Rock v. Gonzales*, 125 S.Ct. 2796, 2803 (2005). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must...have a legitimate claim of entitlement to it." *Id*.

In their briefs, the parties focused on whether the purchase agreement created a protected property interest. Defendants claim Plaintiff does not have a property interest because it does not own or lease the property. Defendants surmise that the "deprivation" alleged by termination of the purchase agreement is nothing more than a breach of contract.

Plaintiff argues that a property interest can be created by contract, and cites several cases.

However, the cases cited by Plaintiff all held that a property interest in *continuing employment* could be created by contract. [Response, p. 14]. Plaintiff fails to cite any authority that a purchase agreement creates a protected property interest in the property that is the subject of the agreement.

In an analogous case, the Fifth Circuit ruled that no property interest is created by a purchase agreement. *Bryan v. City of Madison*, 213 F.3d 267 (5th Cir. 2000). In *Bryan*, the plaintiff, a developer, wanted to build an apartment complex in Madison, Mississippi. He executed a purchase agreement for land zoned for apartments and began the process of submitting his plan to the city. His plans were approved and all he needed to do was obtain a building permit. Local citizens opposed the plaintiff's plan to build an apartment complex, and the mayor took steps to defeat the project. After several years of delays and litigation, the plaintiff's contract to purchase the land expired. The plaintiff brought suit pursuant to 42 USC §1983. He alleged violation of his procedural and substantive due process rights; taking without just compensation; and an equal protection violation.

The plaintiff in *Bryan* contended that when he signed the purchase agreement and placed a deposit, he had an interest in the land. He argued the interest in the land included a right to develop apartments. The court found the plaintiff never had the right he claimed the defendants denied him. "The interest in the land that arose when [the plaintiff] signed the contract to purchase did not give him the right to develop the land...[s]o the defendants did not deny him his right to develop apartments because he never had such a right in the first place." *Bryan*, 213 F.3d at 276. The court relied on the principle that a purchaser, while holding an equitable lien on the property, is not the legal owner. A purchaser does not have the right to "enter the land, to

5

exclude others from the land, or to build anything on the land." *Id*.

The reasoning in *Bryan* is applicable here. Plaintiff did not have a protected property interest in the land based on the purchase agreement because the purchase agreement did not convey any rights. The purchase agreement merely allowed Plaintiff to purchase the property. Plaintiff does not allege in its Complaint or Response that it owned any of the thirteen parcels at the time of the alleged deprivation.

Accordingly, Defendants' termination of the purchase agreement did not deprive Plaintiff of a property interest in the land and cannot form the basis of a procedural due process violation. Although Plaintiff claimed at the hearing that it did purchase some of the privately owned parcels by the time of the alleged deprivation, Plaintiff did not argue that in its brief. Also, it offered no details as to when the parcels were purchased, whether the sale was final at the time of the purchase, and which parcels it purchased.

### 2.    Was a property interest created by entitlement?

Plaintiff also claims it was "entitled to consideration of its request for final site plan approval." [Response, p. 12]. It is well-settled that "no property interest exists in a procedure itself, without more." *United Omaha Life Ins. V. Solomon*, 960 F.2d 31, 34 (6th Cir. 1992). However, Plaintiff alleges that it had a legitimate claim of entitlement and that Defendants had limited discretion to act.

In *Silver v. Franklin Township, Board of Zoning*, 966 F.2d 1031, 1036 (6th Cir. 1992), the court held that a protected property interest could be established by demonstrating a "legitimate claim of entitlement" or a "justifiable expectation" in a particular outcome. In order to establish such an expectation, Plaintiff must show Defendants did not have discretion to refuse to vote on

Plaintiff's final site approval if he complied with the minimum mandatory requirements. *Id*. "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 125 S.Ct. 2796, 2803 (2005). See also *Triomphe Investors v. City of Northwood*, 49 F.3d 198 (6th Cir. 1995)(developer did not have a protected property interest in developing condominiums where the city council had final discretion to grant or deny a special use permit).

Contrary to what was argued in the original briefs, at the hearing and in supplemental briefing Plaintiff argued that no second vote for final approval by the City Council was necessary.[2]

First, with respect to Plaintiff's Planned Unit Development ("PUD"), following the Planning Commission's recommendation of approval, the City Council still had to give final approval. Article 32.00 §32.03(2)(A)(7). The City Council has not voted to approve Plaintiff's PUD.

Second, the City Council cannot approve Plaintiff's PUD until it complies with the City's Master Plan. Article 32.00 §32.02(1)(A)(4). The City has not amended the Master Plan and Plaintiff's PUD currently does not comply. The City completed first readings of the ordinances to amend the City's Master Plan and rezone the thirteen parcels at the November 1, 2005 City Council meeting. Plaintiff contends that the vote to approve the ordinances at the first reading was all that was necessary. Plaintiff claims a "second reading" is not required by the City Charter. While Plaintiff is correct that two separate votes do not appear to be required, it is

---

[2]In Plaintiff's Complaint, it alleges that at the November 15, 2005 City Council meeting it "was to have received **final approval** of "The Enclaves" site plan, and of the rezoning and master plan and master land use plan amendments." Complaint, ¶83 (emphasis added).

7

nonetheless clear that the ordinances could not have been adopted on November 1, 2005. Section 7.3 of the City Charter provides that "[n]o ordinance shall be passed at the same meeting at which it is introduced..." Because the ordinances were introduced at the November 1, 2005 meeting, the City Council could not vote to pass them at that time. No subsequent proceeding has been held adopting the ordinances.

Pursuant to *Silver*, *supra*, in order for Plaintiff to allege a property interest pursuant to entitlement, it must comply with the minimum mandatory requirements. Clearly, Plaintiff's site plan does not comply with the minimum mandatory requirements of the City of Taylor Charter and Zoning ordinances because the thirteen parcels are not properly zoned for Plaintiff's project. Thus, City Council cannot vote to approve Plaintiff's site plans unless and until the necessary zoning ordinances are passed. Further, Plaintiff does not present any authority that it possessed a property interest in potential zoning ordinances.

Plaintiff raises other issues, including that the City Council is required to vote on the Planning Commission's recommendations within a reasonable time. But, this was not alleged in the Complaint and was not argued in the motion, thus, it is not now before the Court.

Accordingly, Plaintiff fails to allege a protected property interest for purposes of a due process claim pursuant to 42 USC §1983.

**B.      Does Plaintiff Have a Constitutionally Protected Liberty Interest?**

Plaintiffs in a substantive due process case are required to provide a "careful description of the asserted fundamental liberty interest" at issue. *Hamby v. Neel*, 368 F.3d 549, 566-567 (6th Cir. 2004). Plaintiff asserts it had a protected liberty interest in "conducting its development business at the Subject Property..." [Response, p.14].

Plaintiff is correct that "freedom to choose and pursue a career, to engage in any of the common occupations of life, qualifies as a liberty interest which may not be arbitrarily denied by the State." *Parate v. Isibor*, 868 F.2d 821, 831 (6th Cir. 1989). However, Plaintiff does not allege that Defendants interfered with its right to pursue an occupation as a developer. Rather, Defendants interfered with Plaintiff's right to develop a specific property. This does not amount to a constitutionally protected liberty interest.

Plaintiff relies on *Wilkerson v. Johnson*, 699 F.2d 325 (6th Cir. 1983). In *Wilkerson*, the court held the plaintiff had a liberty interest in obtaining a barber license. However, in that case, the plaintiff was prevented from engaging in the barbering profession as a whole. Such is not the case here. Plaintiff is not prevented from developing property, only from developing the property at issue in this case. See also *Parate*, 868 F.2d at 832-833 (citing *Wilkerson*, the court ruled a professor did not have a liberty interest in teaching at a particular university because he could teach at any other university in the state).

Plaintiff fails to identify a deprivation of a liberty interest sufficient to state a claim for violation of its substantive due process rights.

**C.     Does Plaintiff State A Claim For Denial Of Equal Protection?**

Plaintiff asserts a claim for selective enforcement arguing that Defendants arbitrarily and capriciously, and without a rational basis, treated it differently than similarly situated residential development projects in the City of Taylor. [Complaint, ¶¶ 105, 117, 121-122].

An equal protection claim may be brought by a "'class of one' where the plaintiff alleges that [it] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562,

9

564 (2000). In *Olech*, the Court affirmed the denial of a motion to dismiss where the plaintiff alleged that the defendant village demanded a 33-foot easement as a condition of connecting the plaintiff's property to the municipal water supply, where it only demanded a 15-foot easement from other residents. The plaintiff's complaint alleged the demand was "irrational and wholly arbitrary." The Court held that the subjective motivation was irrelevant and that lack of a rational basis is enough to state a claim for denial of equal protection. *Id*. at 565.

Here, Plaintiff alleges that it was treated differently than other residential development projects in the City of Taylor because the City terminated the purchase agreement and refused to vote on its final site plan. Plaintiff further alleges that the denial was deliberate [Complaint, ¶112], and that the action was "without any rational basis" [Complaint, ¶117].[3]

Federal courts employ a liberal system of notice pleading that only requires the plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." *Nicsand, Inc. v. 3M Company*, 457 F.3d 534, 541 (6th Cir. 2006). However, the plaintiff's claim "must be alleged in more than vague and conclusory terms in order to survive a Rule 12(b)(6) motion." *Id*.

Plaintiff alleges a claim for denial of equal protection in more than vague and conclusory terms. It asserts that Defendant denied it the opportunity to have City Council vote on its final site plan, without a rational basis. Additionally, Plaintiff claims other developers in Taylor were treated differently. Whether Plaintiff can support those allegations is not in issue at this time. Accordingly, the Court should deny Defendants' Motion to dismiss as to this claim.

---

[3] Although the lack of rational basis is listed in Count II for violation of due process, Plaintiff incorporates the allegation in its count for denial of equal protection. [Complaint, ¶120].

10

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to dismiss with respect to Plaintiff's procedural and substantive due process claims, and **DENIES** Defendants' Motion to dismiss with respect to Plaintiff's Equal Protection claim.

**IT IS SO ORDERED.**

S/Sean F. Cox
**Sean F. Cox**
**United States District Judge**

**Dated:  October 27, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2006, by electronic and/or ordinary mail.**

S/Jennifer Hernandez
**Case Manager**