UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAYLOR ACQUISITIONS, LLC,

    Plaintiff,

v.                                                           Case No. 06-10650
                                                               Hon. Sean F. Cox

CITY OF TAYLOR and
CAMERON G. PRIEBE,

    Defendants.
_____

## **ORDER**

This matter is before the Court on Plaintiff's Emergency Motion for leave to supplement Plaintiff's Motion for summary judgment and Plaintiff's Response to Defendants' Motion for summary judgment.

Plaintiff seeks leave to file additional exhibits to the pending cross-motions for summary judgment. Plaintiff argues that it should be granted leave because Defendants did not produce the documents Plaintiff now seeks to include as exhibits until September 12, 2007, in accordance with a successful motion to compel.

Both parties filed their motions for summary judgment on July 9, 2007. Also on July 9, 2007, Plaintiff filed a motion to compel discovery. That motion was referred to Magistrate Judge Virginia Morgan. On August 1, 2007, the Court issued a Notice of Hearing, indicating that a hearing was scheduled for September 20, 2007, on both parties' motions for summary judgment. On August 24, 2007, Magistrate Judge Morgan granted Plaintiff's motion to compel

discovery. As scheduled, the hearing on the parties' cross-motions for summary judgment was held on September 20, 2007.

At no time has Plaintiff presented the Court with an affidavit, pursuant to Fed.R.Civ.P. 56(f):

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

This rule has been interpreted to require that a party "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). The purpose of this rule is to allow the court an opportunity to determine if judgment should be withheld pending further discovery. Plaintiff chose not to avail itself of this rule. Rather, Plaintiff filed its motion for summary judgment, and responded to Defendants' motion for summary judgment without indicating to the court a need for further discovery. Not until the hearing did Plaintiff even mention that further discovery would bear on the pending motions. Nonetheless, Plaintiff still did not present the court with an affidavit in accordance with Rule 56(f)so that the court may decide whether judgment should be withheld. Now, after the motions have been fully briefed and oral argument has been heard, Plaintiff seeks to delay the process with the addition of further exhibits.

Plaintiff was aware of its need for further discovery at least by the time it filed its motion for summary judgment, because it simultaneously filed a motion to compel. But, Plaintiff chose not to seek a continuance under Rule 56(f). Plaintiff does not even address Rule 56(f) in the

2

instant Motion for leave. Accordingly, the Court will not now delay judgment and increase the cost of this litigation because Plaintiff opted not to avail itself of Rule 56(f).

Plaintiff's Emergency Motion for leave to supplement Plaintiff's Motion for summary judgment and Plaintiff's Response to Defendants' Motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

        **S/Sean F. Cox**
        **Sean F. Cox**
        **United States District Judge**

**Dated: September 27, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2007, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**