UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAYLOR ACQUISITIONS, LLC,

    Plaintiff,

v.    Case No. 06-10650
    Hon. Sean F. Cox

CITY OF TAYLOR; and
CAMERON G. PRIEBE,

    Defendants.
_____

**ORDER DENYING PLAINTIFF'S
EMERGENCY MOTION TO ENLARGE THE RECORD**

This matter is before the Court on Plaintiff's Emergency Motion to enlarge the record. On October 3, 2007, Plaintiff filed an appeal with the Sixth Circuit appealing this Court's order: (1) granting Defendants' motion to dismiss [Doc. 24]; and (2) granting Defendants' motion for summary judgment [Doc. 78]. On March 19, 2008, Plaintiff filed the instant Emergency Motion to enlarge the record.

Plaintiff asks that the Court enlarge the record to assign docket numbers to four docket entries. Three of the docket entries indicate a resetting of deadlines - one for a hearing before the magistrate, and two for motion response dates. The fourth docket entry is a text-only order denying Plaintiff's emergency motion to strike Defendants' motion for summary judgment.

Plaintiff directs the Court to Fed.R.App.P. 10, which states, in pertinent part:

(e) **Correction or Modification of the Record**.

(1) If any difference arises about whether the record truly discloses what occurred

1

in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

    (A) on stipulation of the parties;
    (B) by the district court before or after the record has been forwarded; or
    (C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

Plaintiff does not identify under which provision of Rule 10(e) it seeks an enlargement of the record. There are no differences between what the record discloses and what occurred in the district court. Further, nothing material is omitted or misstated in the record.

It is not the case that the four items are missing from the docket, rather, Plaintiff is concerned because they have not been assigned docket numbers. The filing system of this Court assigns docket numbers only where there is an actual written document. In this case, none of the four entries involved written documents.[1] Thus, no docket numbers were assigned. This Court will not reopen the record to assign docket numbers where they are not assigned in the normal course.

Accordingly, Plaintiff's Emergency Motion to Enlarge the Record is **DENIED**.

**IT IS SO ORDERED.**

---

[1] Ordinarily, Plaintiff's emergency motion to strike Defendants' motion for summary judgment would have been addressed by a written order. However, in this case Plaintiff sought to strike Defendants' timely summary judgment motion because it failed to contain a "Statement of Material Facts Not in Dispute," which is not required by court rule. Thus, the Court dispensed with the motion through a docket entry only.

        **S/Sean F. Cox**
        **Sean F. Cox**
        **United States District Judge**

**Dated: March 26, 2008**

**I hereby certify that a copy of the foregoing Order denying plaintiff's emergency motion to enlarge record was served upon counsel of record on March 26, 2008, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**